United States District Court
Southern District of Texas
**ENTERED**
February 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| State of Texas, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:25-cv-05574 |
| Jerry Lavon Carley, | § | |
| *Defendant*. | § | |

# **MEMORANDUM AND RECOMMENDATION**

This is an ongoing state criminal prosecution that Defendant Jerry Lavon Carley attempted to remove to this Court. *See* Dkt. 1. Because this Court lacks subject matter jurisdiction, it should remand the case to state court.

## **Background**

The following facts are taken from the state court record, which Carley submitted. *See* Dkt. 8. On September 15, 2025, the State of Texas filed a criminal complaint against Carley in the 486th Judicial District Court of Harris County, Texas, charging him with aggravated assault, a felony offense. *Id.* at 4. The complaint alleges that Carley "unlawfully, intentionally, and knowingly threaten[ed]" the complainant, Tyson Muniz, "with imminent bodily injury by using and exhibiting a deadly weapon, namely, a motor vehicle." *Id.*

Contemporaneously with filing the complaint, the State filed a motion requesting that bond conditions and a sufficient bail be set. *See id.* at 5, 9.

The next day, the state court found probable cause to support the charged offense and ordered that bail be set at $30,000. *Id.* at 13-16. In its findings, the case court noted that the incident involved a "road rage assault" where Carley "repeatedly rammed another vehicle driven by" the complainant Muniz, "pushing [Muniz's] truck" onto the grass, and then got out and attempted to break Muniz's window by punching it—all of which was caught on video. *Id.* at 16. Carley posted bail on September 18, 2025. *Id.* at 23.

Carley then submitted multiple filings. First, despite being appointed an attorney, *id.* at 19, Carley himself filed a "notice of special appearance" asserting he was appearing "pro per" and "not submitting to any alleged jurisdiction." *Id.* at 27. That notice was promptly followed by Carley's motion to dismiss the case for lack of "subject matter jurisdiction" claiming that the incident did not constitute a criminal offense and that the investigator improperly relied on the complainant's account of the events, *id.* at 35-37. His attorney then moved to withdraw, indicating that Carley wished to proceed *pro se*. *Id.* at 42. The motion to withdraw was granted. *Id.* at 43.

Second, Carley filed a motion to recuse the state district judge, claiming that the judge denied him due process by labeling Carley's appearance as being *pro se* instead of "*in propria persona*," disregarding Carley's "special

appearance" to challenge personal jurisdiction, and violated 18 U.S.C. § 241 by "conspiring with the prosecution" to violate Carley's civil rights. *Id.* at 44-46. The state district judge referred the motion to the presiding judge of the relevant judicial region, *id.* at 49, who promptly denied it as untimely and because Carley's complaints about adverse rulings provided no grounds for recusal, *id.* at 52-53.

A few days later, Carley filed his notice of removal. Dkt. 1. The notice reprises his complaints about the district judge's decisions, asserting that the judge denied Carley's right to proceed "*in propria persona*," did not provide certified copies of information and charging instruments, and denied Carley's Sixth Amendment right to confrontation, to "due process of law, equal protection of the laws, and judicial review ...." *Id.* Carley followed that submission with a filing that includes the state court records, Dkt. 8, and, later, a one-page brief alleging that federal law entitled him to remove the case, Dkt. 9. Carley also filed a "motion to release information and evidence." Dkt. 7.

## **Analysis**

Carley's notice of removal alleges that the ongoing state criminal prosecution has violated his rights under the U.S. Constitution. Dkt. 1. But the law is clear that this Court lacks jurisdiction over this case, which should be remanded to state court.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam).

Federal law prescribes a procedure for removing certain state criminal prosecutions to federal court. *See* 28 U.S.C. § 1455. The notice of removal must contain "a short and plain statement" of all grounds for removal. *See id.* § 1455(a), (b)(2). It must be accompanied by "a copy of all process, pleadings, and orders served upon such [a] defendant …." *Id.* § 1455(a). And the deadline for removal is "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier …." *Id.* § 1455(b)(1).

Even assuming that Carley had met those procedural requirements, however, Section 1455 "doesn't provide state criminal defendants with an independent right to remove their cases to federal court." *Texas v. Bellard*, 2026 WL 275914, at *1 (S.D. Tex. Jan. 30, 2026). "So a state criminal defendant must both comply with the procedural requirements of § 1455 and show that he has a statutory basis for removing the case to federal court." *Id.* Moreover, Section 1455 instructs federal courts to "examine the notice [of removal] promptly" and order a summary remand "[i]f it clearly appears on the

face of the notice and any exhibits annexed thereto that removal should not be permitted ....” 28 U.S.C. § 1455(b)(4). That is case here.

To qualify for removal, Carley had to show that the state criminal prosecution met one of three statutory alternatives. Those instances are: “(i) when the state criminal prosecution is against a federal official or agency, 28 U.S.C. § 1442, (ii) when the state criminal prosecution is against a member of the armed forces, 28 U.S.C. § 1442a, and (iii) when a person is denied, or cannot enforce in state court, a right under a law providing for his equal civil rights[,] 28 U.S.C. § 1443(1).” *Bellard*, 2026 WL 275914, at *2.

Carley does not allege that he is a federal officer or member of the armed forces, which forecloses the first two alternatives, 28 U.S.C. §§ 1442 and 1442a. And for the third alternative, 28 U.S.C. § 1443(1), the Supreme Court has specified two requirements: (1) “the right allegedly denied the removal petitioner” must “arise[] under a federal law ‘providing for specific civil rights stated in terms of racial equality,’” and not “constitutional or statutory provisions of general applicability”; and (2) it must be shown that the relevant federal right cannot be enforced in the state court, which “normally requires that the ‘denial be manifest in a formal expression of state law,’ such as a state legislative or constitutional provision, ‘rather than a denial first made manifest in the trial of the case.’” *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 799, 803 (1966)).

Carley's notice of removal does not allege that the ongoing prosecution violates any federal right concerning racial equality. Nor does he claim that a specific Texas law impairs any such race-based right. Instead, Carley complains about various rulings in the case and invokes generally applicable rights to due process, confrontation, and equal protection. *See* Dkt. 1 at 2. That is insufficient to fit within the limited statutory grounds for removal. *See, e.g. Cnty. of Yazoo, Miss. v. Prewitt*, 2023 WL 7381440, at *1-2 (5th Cir. Nov. 7, 2023) (per curiam) (affirming summary remand of criminal case, including because the statutes that defendant invoked were not "stated in terms of racial equality") (quotation omitted); *Bellard*, 2026 WL 275914, at *2 (remanding criminal case *sua sponte* when defendant did not allege he was a federal officer, member of the armed forces, or that the criminal charge violated a federal law "providing for specific rights based on racial equality") (quoting 28 U.S.C. § 1443(1)); *Texas v. Garcia*, 2025 WL 3675071, at * 2 (S.D. Tex. Dec. 10, 2025) (concluding analogous deficiency required remand), *adopted by* 2025 WL 3679231 (S.D. Tex. Dec. 18, 2025).

Accordingly, there is no basis for jurisdiction. And because "it clearly appears on the face of the notice and exhibits annexed thereto that removal should not be permitted," this case should summarily be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that this state criminal case be **REMANDED** to the 486th Judicial District Court of Harris County, Texas, from whence it was removed, and that Defendant Jerry Lavon Carley's pending motion to release information and evidence (Dkt. 7) be **DENIED AS MOOT**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 5, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge