United States District Court
Southern District of Texas
**ENTERED**
May 19, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| State of Texas | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-05574 |
| | § | |
| Jerry Lavon Carley | § | |

## MEMORANDUM AND RECOMMENDATION

Several motions are pending in this criminal case, all filed by Defendant Jerry Lavon Carley. After this Court issued its final order remanding the case to state court, *see* Dkt. 27, Defendant Jerry Carley filed a motion to vacate that order (Dkt. 28) and three motions for leave to pursue an appeal *in forma pauperis* (Dkts. 29, 30, 31). His motions should be denied.

## Analysis

### I. There is no valid basis to revisit the final order.

On March 6, 2026, this Court entered a final order adopting the undersigned's recommendation that this case be remanded to state court. Dkt. 27 (adopting Dkt. 12). In doing so, the Court concluded that Carley lacked a cognizable basis to remove this criminal case to this Court, meriting summary remand under 28 U.S.C. § 1455(b)(4). As detailed in the opinion that this Court adopted, Dkt. 12, such a removal must satisfy both procedural

requirements under 28 U.S.C. § 1455 and be supported by an underlying statutory basis. *See* Dkt. 12 at 4. Carley, however, failed to identify any valid statutory basis to remove the case. He did not allege that he is a federal officer or member of the armed forces entitled to remove the case under 28 U.S.C. §§ 1442 or 1442a. And he failed to satisfy any of the requirements for removal under 28 U.S.C. § 1443(1) because his complaints about the state court's rulings invoke only generally applicable rights to due process, confrontation, and equal protection, none of which implicate federal laws "stated in terms of racial equality,'" and none of which evince the State of Texas's "formal expression of state law, ... 'rather than a denial first made manifest in the trial of the case.'" *Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 799, 803 (1966)).

Carley's March 16, 2026 motion for relief from judgment, styled as a request under Fed. R. Civ. P. 60(b), does not fit within the "extraordinary circumstances" that would merit relief.[1] *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193 (1950)). For instance, Carley's complaints about deficiencies in the underlying state case merely rehash prior contentions, which is insufficient to satisfy Rule 60(b)'s standard. *See Triple Tee Golf, Inc.*

---

[1] Because Carley timely filed the motion less than 28 days after the final order was entered, this Court retains jurisdiction to resolve his motion.

*v. Nike, Inc.*, 485 F.3d 253, 269(5th Cir. 2007) (agreeing that "a 60(b) motion is not an opportunity for a party to 'relitigate its case'"). Notably, Carley does not engage the merits of the binding authority that this Court concluded necessitated remand under 28 U.S.C. § 1455.

Moreover, Carley's assertion that the final order is "void" is premised on the mistaken belief that remand was untimely. *See* Dkt. 28 at 3 (asserting 30 day deadline). To the contrary, the controlling statute imposes no deadline by which a district court can issue a summary order remanding the case upon concluding "it clearly appears on the face of the notice [of removal] and any exhibits annexed thereto that removal should not be permitted ...." 28 U.S.C. § 1455(b)(4).

The remainder of Carley's contentions consists of spurious allegations of "fraud," "bias," or "obstruction of justice" by the undersigned and a conspiracy between the undersigned and the presiding District Judge. *See* Dkt. 28 at 4-7. Those assertions are facially frivolous and are readily rejected. Carley's mere dissatisfaction with the Court's rulings provides no basis for relief.[2]

---

[2] The result is the same even if Carley's motion were construed as a motion to alter or amend under Fed. R. Civ. P. 59(e). That avenue is likewise reserved for "extraordinary cases," *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021), and is "not the proper vehicle" for Carley to revisit arguments that were raised and rejected, *see Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Also, Carley's baseless accusations of wrongdoing by the undersigned and the presiding District Judge fare no better under Rule 59(e) than they do under Rule 60(b)(4).

## II. **Because Carley lacks a non-frivolous basis for appeal, he is not entitled to proceed *in forma pauperis*.**

The remaining motions concern Carley's request to proceed *in forma pauperis* on appeal. Dkts. 29, 30, 31. Those requests are governed by 28 U.S.C. § 1915 and Rule 24(a) of the Federal Rules of Appellate Procedure. Section 1915 permits a district court to authorize an appeal "without prepayment of fees or security therefore" if the applicant shows, by affidavit, that he "is unable to pay such fees" or provide such security. *See* 28 U.S.C. § 1915(a)(1). Carley's affidavit, which discloses that he is unemployed with expenses far exceeding his monthly unemployment payment, reflects that he lacks the financial resources to pay the fees. See Dkt. 29 at 2-4.

Nevertheless, Rule 24 authorizes a district court to deny certification of IFP status if it concludes that "the appeal is not taken in good faith ...." Fed. R. App. P. 24(a)(4)(B). Good faith requires an objectively non-frivolous basis for the appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a [party's] good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous."). In this context, an appeal is "frivolous" if it lacks "legal points arguable on their merits ...." *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

Carley has not met the good faith requirement. There is no arguable legal basis for his challenge to the order remanding this criminal case to state court. To the contrary, as noted above, Carley articulated no cognizable basis to remove the case, and the removal contravened U.S. Supreme Court authority. As a result, Defendant does not qualify for leave to appeal in forma pauperis. His application for IFP should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Jerry Lavon Carley's motion to vacate (Dkt. 28) be **DENIED**.

It is further **RECOMMENDED** that Carley's applications to proceed *in forma pauperis* on appeal (Dkts. 29, 30, 31) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 19, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge